## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENALVER CARMONA, Carlos Daniel, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| JAMISON, J.L., Warden, Federal Detention | : | |
| Center, Philadelphia; RIFE, John E., Acting | : | |
| Field Office Director, Immigration and | : | |
| Customs Enforcement, Enforcement and | : | No. 26-4155 |
| Removal Operations, Philadelphia Field | : | |
| Office; MULLIN, Markwayne, Secretary of | : | |
| the Department of Homeland Security; | : | |
| BLANCHE, Todd, Acting U.S. Attorney | : | |
| General; U.S. DEPARTMENT OF | : | |
| HOMELAND SECURITY; EXECUTIVE | : | |
| OFFICE FOR IMMIGRATION REVIEW, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW,** this 17th day of June, 2026, upon consideration of Carlos Daniel Penalver

Carmona's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby

**ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1.  Carlos Daniel Penalver Carmona is not subject to mandatory detention under 8

U.S.C. § 1225(b)(2).

2.  Respondents shall immediately release Carlos Daniel Penalver Carmona from

custody. Respondents shall not subject Petitioner to any new or additional conditions of release

including the imposition of any and all GPS monitoring technology or devices.

3.    Immediately upon his release, Respondents shall return all personal property confiscated upon or during his detention, including identification documents.

4.    Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than 12:00 P.M. E.S.T. on June 18, 2026.

5.    Respondents are temporarily enjoined from re-detaining Carlos Daniel Penalver Carmona for seven days following his release from custody.

6.    If Respondents pursue re-detention of Carlos Daniel Penalver Carmona, they must first provide him with a bond hearing, pursuant to 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
Hon. Mia R. Perez

---

[1] Petitioner Carlos Daniel Penalver Carmona was born in Venezuela. ECF No. 1 ¶ 17. He entered the United States in or around 2022. *Id.* Shortly after entering the United States, officers of the Department of Homeland Security ("DHS") detained and processed Petitioner and released him to live in Ohio with family. *Id.* ¶ 18. Petitioner thereafter lived in Ohio until June 2026, when he moved to Philadelphia, Pennsylvania. *Id.* ¶¶ 1, 19. Petitioner submitted an asylum application, applied for employment authorization, and obtained a Social Security card. *Id.* ¶ 20. Petitioner has complied with all conditions of his immigration release. *Id.* On June 15, 2026, DHS officers arrested Petitioner while he was leaving work. *Id.* ¶ 21. The next day, Petitioner brought this Petition for Writ of Habeas Corpus, arguing his detention without a bond hearing violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the United States Constitution. ECF No. 1. On June 17, 2026, Respondents timely filed a response, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). ECF No. 4.

The government acknowledges that its position that Petitioner is subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) has been categorically rejected by the vast majority of district courts, as well

as the Second, Sixth, and Eleventh Circuits. *See* ECF No. 4 at 3–4; *see also Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026).

Individuals like Petitioner, who have lived in the United States for years, are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). A non-citizen is only subject to mandatory detention under § 1225(b)(2)(A) if he is (1) an "applicant for admission"; (2) "seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A); *see Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399, at *6 (E.D. Pa. Nov. 14, 2025) (Wolson, J.). "'Seeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization." *Kashranov*, 2025 WL 3188399, at *6. It does not describe individuals who have been in the United States for several years. *Id.* Petitioner was seeking admission in 2022 when he arrived at the United States border. He is no longer seeking admission now. Section 1225(b)(2)(A), therefore, does not apply. *See, e.g.*, *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, 175 F.4th 1258 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026); *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb. 6, 2026) (Rufe, J.); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026) (Kenney, J.); *Restrepo v. Jamison*, No. 2:25-cv-6518, 2026 WL 141803 (E.D. Pa. Jan. 20, 2026) (Leeson, J.); *Chavez v. McShane*, No. 25-6968, 2026 WL 120671 (E.D. Pa. Jan. 16, 2026) (Costello, J.); *Muzofirov v. Jamison*, No. 25-7371, 2026 WL 126153 (E.D. Pa. Jan. 16, 2026) (Scott, J.); *Kanaut v. Rose*, No. 24-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026) (Hodge, J.); *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlestone, J.); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432 (E.D. Pa. Dec. 18, 2025) (Padova, J.); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Rodriguez Pereira v. O'Neill*, No. 25-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Juarez v. O'Neill*, No. 25-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Nogueira-Mendes v. McShane*, No. 25-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Diallo v. O'Neill*, No. 25-6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Morocho v. Jamison*, No. 25-cv-05930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sanchez, J.); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.).

For the same reasons set forth in *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025), and *Kashranov*, 2025 WL 3188399, which the Court adopts herein, 8 U.S.C. § 1226(a) applies to Petitioner. Individuals detained under §1226(a) are entitled to seek a bond hearing before an Immigration Judge. Petitioner's detention without a bond hearing, therefore, violates the INA, and he is entitled to habeas relief. The appropriate relief for unlawful detention is immediate release.